**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4253

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALEXUS PAIGE TYSON,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Lydia Kay Griggsby, District Judge. (8:22-cr-00023-LKG-2)

Submitted: October 22, 2024                          Decided: October 25, 2024

Before KING and WYNN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Dismissed in part, affirmed in part, and remanded by unpublished per curiam opinion.

**ON BRIEF:** Gregory Dolin, UNIVERSITY OF BALTIMORE SCHOOL OF LAW, Baltimore, Maryland, for Appellant. Darren Spencer Gardner, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alexus Paige Tyson seeks to appeal her conviction and the 15-month sentence imposed following her guilty plea, pursuant to a written plea agreement, to conspiracy to commit wire and bank fraud, in violation of 18 U.S.C. § 1349.  Tyson's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether plea counsel rendered ineffective assistance, whether there was an adequate factual basis for Tyson's plea, whether Tyson's sentence is reasonable, and whether the district court pronounced all the discretionary conditions of Tyson's supervised release.  Tyson did not file a pro se supplemental brief after being notified of her right to do so.  The Government has moved to dismiss the appeal as barred by the appeal waiver included in the plea agreement.

Where, as here, the Government seeks to enforce an appeal waiver and the defendant has not alleged a breach of the plea agreement, we will enforce the waiver if it is valid and the issues raised on appeal fall within its scope.  *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021).  Our review of the plea hearing leads us to conclude that Tyson knowingly and intelligently waived her right to appeal and that the waiver is valid and enforceable.  Tyson's challenge to the reasonableness of her sentence falls squarely within the waiver's scope.

Defense counsel raises several issues that fall outside the scope of the appeal waiver. Our review of the record, however, reveals no reversible error.  The record does not

2

conclusively show that plea counsel rendered ineffective assistance.[*] *See United States v. Freeman*, 24 F.4th 320, 326 (4th Cir. 2022) (en banc).  The factual basis included in Tyson's plea agreement, which Tyson agreed was accurate, is sufficient to support her guilty plea.  *See United States v. Vinson*, 852 F.3d 333, 351 (4th Cir. 2017) (discussing elements of conspiracy to commit bank fraud); *United States v. Burfoot*, 899 F.3d 326, 335 (4th Cir. 2018) (discussing elements of conspiracy to commit wire fraud).  And the district court adequately pronounced the conditions of Tyson's supervised release.  *See United States v. Rogers*, 961 F.3d 291, 299 (4th Cir. 2020).

Our review of the record in accordance with *Anders* revealed a clerical error in the written judgment.  *See* Fed. R. Crim. P. 36.  Specifically, the district court ordered that Tyson's restitution "payments will begin 30 days after [Tyson's] release from incarceration," but the written judgment says those payments will "commence when [Tyson] is placed on supervised release."  We have identified no other potentially meritorious issues that would fall outside the scope of the appeal waiver.  Accordingly, we grant the Government's motion to dismiss Tyson's appeal as to all issues within the waiver's scope, affirm the remainder of the criminal judgment, and remand for correction of the clerical error in the judgment.

This court requires that counsel inform Tyson, in writing, of the right to petition the Supreme Court of the United States for further review.  If Tyson requests that a petition be

---

[*] Accordingly, Tyson's "ineffective assistance claim should be raised, if at all, in a 28 U.S.C. § 2255 motion." *United States v. Kemp*, 88 F.4th 539, 546 (4th Cir. 2023) (internal quotation marks omitted).

3

filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Tyson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART,*
*AND REMANDED*